COOK, Justice
(dissenting).
Johns Eastern challenges the constitutionality of Ala.Code 1975, § 27-10-2(b), which provides:
“(b) Any adjuster who, directly or indirectly, enters into an investigation or adjustment of any loss arising under a contract of insurance or annuity issued by an unauthorized insurer and covering at time of issuance a subject of insurance resident, located or to be performed in this state shall be liable for the full amount of any loss suffered by the insured under such contract.”
It argues in this Court, as it did in its summary judgment motion, that § 27-10-2(b) “unfairly discriminates against adjusters in violation of equal protection of the law, guaranteed under the Fourteenth Amendment of the Constitution of the United States and under Sections 1, 6, and 22 of the Alabama Constitution of 1901.” (Emphasis added.) It also contends, however, that it is unnecessary to reach the constitutional questions, because, it argues, § 27-10-2(b) applies only to adjusters that are duly licensed pursuant to Ala.Code 1975, Title 27, Chapter 9, that is, ,§§ 27-9-1 to -8, the entirety of which is devoted to adjusters. Because I agree with this latter contention, I respectfully dissent.
Section 27-9-2(a) provides: “No person shall in this state act as, or hold himself out to be, an adjuster unless then licensed therefor under this chapter. Application for license shall be made to the commissioner according to forms as prescribed and furnished by him.”
The dispositive language of § 27-10-2(b) is the following: “Any adjuster who ... enters into an ... adjustment of any loss arising under a contract of insurance ... issued by an unauthorized insurer ... shall be liable for the full amount of ... loss suffered by the insured under such contract. The commissioner may, after hearing, revoke the license of such an adjuster.” (Emphasis added.) The phrase “such an adjuster” is thus expressly referable to the phrase “[a]ny adjuster,” which, of course, is the entity subject to the liability clause of the section. Because the commissioner would have no power to revoke the license of an unlicensed adjuster, the statute logically refers only to licensed adjusters.[1]
Lest it be said that this construction of § 27-10-2(b) would encourage violations of §§ 27-10-1 and -2, I would- point out that adjusters are subject to the criminal penalties prescribed in Ala. Code 1975, § 27-1-12, for any “willful violation” of the provisions of Title 27 of the Code, which title includes § 27-10-2(b). Specifically, § 27-1-12 provides:
“Each willful violation of this title for which a greater penalty is not provided by another provision of this title or by other applicable laws of this state shall, in addition to any applicable prescribed denial, suspension or revocation of certificate of authority or license, be punishable as a misdemeanor, upon conviction, by a fine of not more than $1,000.00 or by imprisonment in the county jail, or by sentence to hard labor for the county, for a period not to exceed one year or by both such fine and imprisonment or hard labor in the discretion of the court. Each instance of violation shall be considered a separate offense.”
Moreover, only the statutory claim stated in § 27-10-2 would be affected by this construction. In other words, a cause of action could accrue to a person injured by an unlicensed adjuster that would be redressable *1135 through any of a variety of common law theories. It is undisputed that Johns Eastern was not a licensed adjuster, and, therefore, was not subject to the statutory claim for relief.[2]
Because the summary judgment was appropriate on the ground I have discussed, and because “correct decision[s] will not be disturbed” regardless of the ground on which they were decided, Boykin v. Magnolia Bay, Inc., 570 So.2d 639, 642 (Ala.1990), I would affirm the summary judgment. Therefore, I respectfully dissent.
HOOPER, C.J., concurs.

. Section 27-9-4 sets out certain limited circumstances under which an adjuster may operate in Alabama without a license. Specifically, it provides:
“No such adjuster's license, or qualifications therefor, shall be required as to any adjuster who is sent into this state by, and on behalf of, an insurer for the purpose of investigating or making adjustment of a particular loss of unique and unusual character under an insurance policy or for the adjustment of a series of losses resulting from a catastrophe common to all such losses and on behalf of, as authorized by, an insurer as to which he is licensed as agent under this title. An agent may, from time to time, act as an adjuster without a license as an adjuster, but no such agent shall act as an adjuster for an insurer with which he has a contract providing for compensation retrospectively contingent upon losses incurred under insurance sold or serviced by him."
(Emphasis added.)

. Resolving the dispute in this way is consistent with the well-established rule that courts will not "reach constitutional questions ... if the merits of the case can be settled on non-constitutional grounds.” Lowe v. Fulford, 442 So.2d 29, 33 (Ala.1983).